UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| WESTERN HERITAGE INSURANCE COMPANY, } | |
| Plaintiff, } | |
| v. } | CASE NO. CV 04-P-0067-M |
| PRIME PLUS GROUP, INC., d/b/a MAGNOLIA RESTAURANT, } | ENTERED AUG 31 2004 |
| Defendant. } | |

## MEMORANDUM OPINION

Pending before the court is Plaintiff's Motion for Summary Judgment of Non-Coverage (Doc. #13) filed on July 9, 2004. Defendant opposed Plaintiff's Motion for Summary Judgment (Doc. #17) on August 12, 2004. The court set this case for its August 31, 2004 motion docket. As explained more fully below, Plaintiff's Motion for Summary Judgment of Non-Coverage is due to be denied.

I.  Background

In this declaratory judgment action, Plaintiff Western Heritage Insurance Company ("Western") seeks a determination from this court that it has no duty to either defend or indemnify Defendant Prime Plus Group, Inc. d/b/a Magnolia Restaurant ("Magnolia") under commercial insurance Policy No. SCP 391380 (the "Policy") in connection with the case of *Walter Smith v. Nick Saviolakis d/b/a Magnolia Lounge*, Case No. CV 03-132 (the "Underlying Action"), which was filed in the Circuit Court of Madison County on March 24, 2003. (Doc. #1 at Ex. A).

The Underlying Action alleges injuries arising from a patron whose foot was broken on the premises of Magnolia on or about December 15, 2001, when another patron fell onto Mr. Smith as a result of one of Magnolia's bouncer trying to quiet an altercation that had erupted in the lounge



area. The Underlying Action asserts claims of negligence and wantonness by Magnolia for failing to properly train and instruct security personnel. It also contains an Alabama Dram Shop cause of action.

The portions of the Policy relevant to coverage are the commercial general liability (the "CGL") and commercial liquor liability (the "CLL") parts. The CGL obligates Western to pay "damages [for its insured–Magnolia] because of 'bodily injury' or 'property damage' to which this insurance applies." (Doc. #1 at Ex. C). The CGL contains an exclusion for punitive or exemplary damages. (Doc. #1 at Ex. C). Under the CLL, Western's obligation to pay is limited to "injury [that] is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverages." (Doc. #1 at Ex. C). The Policy is subject to Endorsement WHI 21-0376 (the "Endorsement"), which is an assault and battery exclusion. (Doc. #1 at Ex. C). The Endorsement specifically provides:

> This policy does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of assault or battery or out of any act or omission in connection with the prevention or suppression of such acts, including failure to warn, train or supervise, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other persons.

(Doc. #1 at Ex. C).

Magnolia notified Western about the Underlying Action, tendered its defense of the lawsuit to Western, and demanded indemnity. By letter dated April 10, 2003, Western agreed to defend Magnolia under a reservation of rights. Western now seeks a ruling from this court that the Underlying Action falls within the scope of the Endorsement such that no insurance coverage exists.

III.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

2

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991) (en banc)). If the moving party bears the burden of proof at trial, as is the case here, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *See Fitzpatrick*, 2 F.3d at 1115. Once the moving party

makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

III.  Analysis

In its Motion for Summary Judgment, Western maintains that Magnolia is not entitled to a defense and/or indemnity because all the claims in the Underlying Action are excluded under the Endorsement. Because this coverage question involves an exclusion, Western bears the burden of proof at trial, and therefore, on summary judgment, it must demonstrate the absence of a material factual dispute to be entitled to summary judgment.

Based upon the limited evidence and documents submitted on summary judgment, the court does not believe that the record is adequately developed for it to make a determination that there is no coverage in this case. First, Plaintiff's Complaint does not assert an assault and battery claim. *See Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 13 (Ala. 2001) (distinguishing case of *Gregory v. Western World Ins. Co.*, 481 So. 2d 878, and determining that assault and battery exclusion does not apply when underlying action does not allege assault and battery); *cf. Gregory v. Western World Ins. Co.*, 481 So. 2d 878, 878, 881 (Ala. 1985) (finding that insurer is not liable to third party for damages on account of assault and battery exclusion when third party pleads assault and battery claim in underlying cause of action).

Second, there is insufficient evidence before the court to conclude as a matter of law that an assault or battery even took place. Instead, Plaintiff refers to an altercation occurring. An altercation is defined as "a noisy heated angry dispute" or also a "noisy controversy". *See* Merriam-Webster Online Dictionary at www.m-w.com/cgi-bin/dictionary?book=Dictionary&va=altercation&x=3&y

4

=14. Based upon this definition, while an altercation certainly might involve an assault or battery, it does not automatically encompass such intentional acts. Whether an assault or battery took place or was threatened in the Underlying Action is critical to the coverage determination. However, as Magnolia points out in its opposition, these facts are still in dispute.

Third, Western's burden on summary judgment is substantial for many reasons: (1) an insurer's duty to defend is interpreted broadly (and more broadly than an insurer's duty to indemnify); (2) exclusions to an insurance policy are interpreted narrowly; and (3) in relying upon an exclusion, an insurer bears the burden of proof at trial making the summary judgment standard more strenuous for the insurer when it is the moving party.

Finally, if it cannot be found under Rule 56 that an assault and battery took place, it certainly would be inappropriate for the court to conclude that the undisputed evidence establishes that the injuries in question arose out of "an assault and battery or out of any act or omission in connection with the prevention or suppression of such acts . . . ." (Doc. #1 at Ex. C). For example, the Rule 56 record and the complaint in the Underlying Action do not establish who actually fell upon Mr. Smith, nor exactly how Mr. Smith was injured. The allegations of the complaint can be characterized in more than one way. Without further evidence relating to these and other facts in the Underlying Action, Western cannot meet its burden of showing (1) the absence of a material factual dispute, and (2) that it is entitled to judgment as a matter of law. Accordingly, the court is unable to determine coverage as a matter of law.

IV.     Conclusion

Because at this very early stage of this litigation Western has not demonstrated the absence of a material factual dispute nor that it is entitled to judgment as a matter of law, summary judgment

as to its duty to defend and/or to indemnify Magnolia is not appropriate at this time. The court will enter a separate order denying Western's Motion for Summary Judgment.

**DONE** and **ORDERED** this ___31st___ day of August, 2004.

                                                  **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE